```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
CHUNYA XIA, SIAN GO, and BAO JIN XU, on        :
behalf of themselves and all others similarly  :
situated,                                      :
                                               :
                                               :                    ORDER
                        Plaintiffs,            :           21 Civ. 4475 (KAM) (VMS)
                                               :
        -against-                              :
                                               :
                                               :
NEW YUNG WAH CARRIER LLC, NEW                  :
YUNG WAH TRADING LLC, XIN PING                 :
ZHENG, JUAN QING LIN, JOHN DOE 1-5,            :
JANE DOE 1 a/k/a LINDA P. ZHENG a/k/a YU       :
JIE ZHENG a/k/a YU MEI ZHENG a/k/a YU          :
ZHENG N. ZHENG, JANE DOE 2 a/k/a a/k/a         :
LINDA P. ZHENG a/k/a YU JIE ZHENG a/k/a        :
YU MEI ZHENG a/k/a YU ZHENG N. ZHENG,          :
and JANE DOE 3-5,                              :
                                               :
                        Defendants.            :
-------------------------------------------------------------- x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiffs Chunya Xia, Sian Go and Bao Jin Xu ("Plaintiffs") commenced this action against Defendants New Yung Wah Carrier LLC, New Yung Wah Trading LLC, Xin Ping Zheng, Juan Qing Lin, John Does 1-5 and Jane Doe 1-5 ("Defendants"), alleging various wage-and-hour claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and the Wage Theft Prevention Act ("WTPA"). See ECF No. 1. Before the Court is Plaintiffs' motion for leave to file a First Amended Complaint ("FAC") pursuant to add thirty-one (31) individuals as plaintiffs and to add a new pay frequency claim. See ECF No. 50. Defendants oppose. See ECF No. 52-55. Plaintiffs reply. See ECF No. 57. The motion is granted for the reasons set forth below.

### I. Rules 15 and 21

A motion to amend is generally governed by Rule 15(a) of the Federal Rules of Civil

1

Procedure. Fed. R. Civ. P. 15(a). In the absence of undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment, the leave sought should be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Under Rule 21, a party may be added to an action "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. In deciding whether a party may be added under this rule, a court is guided by "the same standard of liberality affording to motions to amend pleadings under Rule 15." Soler v. G&U, Inc., 86 F.R.D. 524, 527-28 (S.D.N.Y. 1980). Here, Defendants oppose Plaintiffs' motion on futility grounds and submit evidence in support of their position. See ECF No. 55. Typically, "a motion to amend is adjudicated without resort to any outside evidence," DiPace v. Goord, 308 F. Supp. 2d 274, 278 (S.D.N.Y. 2004), because the test of futility is whether "the new proposed claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim," Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2011). "Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." Environmental Servs. v. Recycle Green Servs., 7 F. Supp. 2d 260, 270 (E.D.N.Y. 2014) (quoting Carione v. United States, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005)).

## II. The Fair Labor Standards Act And Pleading Sufficiency

"Section 207(a)(1) of [the] FLSA requires that, 'for a workweek longer than forty hours,' an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed' (i.e., time and a half)." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113-14 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). "So, to survive a motion to dismiss, [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime

in a workweek longer than 40 hours." Lundy, 711 F.3d at 114. In the Second Circuit, this means sufficient allegation of "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Id. "Determining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal quotation marks omitted). An approximation of overtime hours is not a necessity in all cases, although it "may help draw a plaintiff's claim closer to plausibility." Id. at 114 n.7.

Defendants cite to cases finding plaintiffs' allegations insufficient to nudge an overtime claim from conceivable to plausible. See ECF No. 55. In Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013), the plaintiff insufficiently pleaded a plausible FLSA overtime claim by alleging in conclusory fashion that in "some or all weeks" she worked more than "forty hours" a week without being paid time and a half. In Nakahata v. New York Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 199-203 (2d Cir. 2013), although the plaintiffs alleged uncompensated work during meal breaks, training sessions and extra shift time, this insufficiently demonstrated how those instances added up to more than forty hours in a given week. In Lundy, the plaintiffs' allegations were insufficient because the alleged work hours did not add up to over forty hours in a given week. See Lundy, 711 F.3d at 114. Defendants also rely on Fridman v. GCS Computers LLC, No. 17 Civ. 6698 (RWS), 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018). In Fridman, the plaintiff's vague allegation that he "routinely" worked ten or more hours over forty hours per week did not "allege a single particular week he worked more than forty hours or attempt to estimate the number of overtime hours he worked in any of the weeks employed." Id. at *4.

Plaintiffs' PFAC does not suffer from similar pleading issues. The PFAC contains

3

allegations particular to each of the 31 prospective plaintiffs and with adequate specificity to show plausible overtime claims.  For example, one prospective plaintiff allegedly worked at least 64 hours per week for Defendants from June 2008 to March 20, 2020, for a $3,400 flat monthly salary, while another allegedly worked at least 66 hours per week for Defendants from July 1, 2020, to the present for a $4,200 flat monthly salary.  See, e.g., ECF No. 50-9 ¶¶ 44-46, 104-06, 141.  There are similarly specific approximations of overtime hours alleged for other prospective plaintiffs as well.  See, e.g., id. ¶¶ 48-49, 51-52, 55-56, 58-59, 61-62, 65-66, 68-69, 71-72, 74-75, 77-78, 80-81, 83-84, 86-87, 89-90, 92-93, 95-96, 99-100, 102-03, 108-09, 111-12, 114-15, 117-18, 120-21, 123-24, 126-27, 129-30, 132-33, 135-36, 138-39.  In instances in which a prospective plaintiff's weekly approximation of overtime hours changed during his or her employment, the PFAC's allegations consistently note the date of the change with particularity.  See, e.g., id. ¶¶ 74, 80, 102, 114.  In still other instances when a prospective plaintiff's experience of overtime violations was interrupted for a period of time beginning in mid-March 2020, the PFAC's allegations note the length of the interruption with particularity.  See, e.g., id. ¶¶ 99, 111, 123.  In sum, the Court finds from its review of the PFAC that its allegations establish that the prospective plaintiffs have plausible overtime claims; the claims are not pleaded in conclusory, speculative or merely conceivable fashion.  See Butt v. HF Mgmt. Servs., LLC, No. 18 Civ. 7017 (AMD) (LB), 2020 WL 207393, at *3 (E.D.N.Y. Jan. 14, 2020) ("[T]hese facts are readily distinguishable from the allegations found wanting in Lundy, Nakhata and Dejesus.  The plaintiff has alleged that he worked a baseline of forty hours per week" and "that his post-shift work pushed his hours worked beyond forty hours per week[.]").

### III. The Fair Labor Standards Act And Futility

Next, Defendants argue that Plaintiffs' motion should be denied as futile because select

4

evidence they submit—a declaration from Yu Jie Zheng, the human resources manager for Defendants New Yung Wah Carrier, LLC, and New Yung Wah Trading, LLC ("Zheng Declaration"), Plaintiff Sian Go's pay records and Plaintiff Bao Jin Xu's route records, see ECF No. 53, Exhs. D-E; ECF No. 54—contradicts at least some of the PFAC's allegations about the number of weekly overtime hours worked and the pay received by Plaintiffs and prospective plaintiffs.  See ECF No. 55 at 4; compare ECF No. 50-9 ¶¶ 38-40 (alleging 60 hours of weekly overtime while receiving a flat monthly salary of $2,700 in January 2019), with ECF No. 53, Exh. D at 1-2 (showing 15 overtime hours and $2,100 paid for January 2019).  The Court declines to exercise its discretion to consider such extrinsic evidence on the instant motion.  See Cano v. Sushi Chain, Inc., No. 19 Civ. 3509 (RRM), (LB), 2021 WL 84276, at *5 (E.D.N.Y. Jan. 11, 2021) (declining to consider submissions external to the pleadings on a Rule 12 motion in an FLSA case, finding that the plaintiff had no notice that the instant motion would be converted into one of summary judgment and had no opportunity to cross-examine a defendant or engage in discovery in order to test the veracity of her statements); Saca v. Dav-El Reservation Sys., Inc., 600 F. Supp. 2d 483, 486-87 (E.D.N.Y. 2009) (declining to consider the defendant's evidence outside the pleadings submitted in support of its argument that FLSA exemptions including the Motor Carrier Act exemption applied:  "[The defendant's] arguments, which rely on extrinsic evidence rather than challenge the sufficiency of the allegations pled in the amended complaint, must wait until the appropriate time for a post-discovery summary judgment motion.").[1]  Instead, it will assume that the PFAC's allegations are true and to draw all

---

[1] Setting aside that consideration of such evidence is not proper under the standard that applies to the instant motion, the Court notes Defendants' remark that Plaintiff Sian Go's pay records are "a single exemplar" in support of its argument about the colorability of over thirty other individuals' claims. ECF No. 55 at 4.  The same is true for Plaintiff Bao Jin Xu's route records.

5

reasonable inferences in Plaintiffs' favor.² See ECF No. 50-9 ¶¶ 143-44, 152, 165 (alleging that Defendants paid part of employees' wages in cash, failed to provide wage notices, failed to provide employees with accurate tax records and committed other recordkeeping violations by failing to keep accurate time and employment records).

### IV. The Motor Carrier Act

For similar reasons, the Court need not reach Defendants' one-paragraph argument that that their submission of limited and untested extrinsic evidence in the form of the Zheng Declaration avers that the PFAC's allegations are futile as to all thirty-four workers because the Motor Carrier Act ("MCA") exemption to the FLSA may apply in whole or in part to overtime claims. See ECF No. 55 at 5; see also Zheng Decl., passim. Defendants' counsel previously indicated on the record that discovery would be necessary for the parties to litigate fact issues pertaining to the MCA exemption issue, see Dkt. Entry 11/17/2021, and Defendants take the same position on the instant motion by stating in one paragraph on the subject that they "do not expect or intend to litigate the applicability of the MCA exemption to [the] 31 prospective plaintiffs but submit this information as a good faith offering that the proposed claims will ultimately prove futile." ECF No. 55 at 5; see Saca, 600 F. Supp. 2d at 487 (declining to consider the defendant's pleading-stage submission of extrinsic evidence to argue the application of FLSA exemptions: "The [c]ourt will not entertain a pre-discovery summary judgment motion at this time."). This argument is not relevant to the present motion but rather should be considered by both sides as to whether they wish to engage in early mediation because the case is

---

² Because the instant motion is decided on the basis of the PFAC's allegations, the Court notes but does not reach Defendants' objections about the "format and appearance" of prospective plaintiff affidavits submitted in support of the motion. See ECF No. 55 at 4 n.1. Defendants will have the opportunity to test prospective plaintiffs' statements during discovery.

legally and factually significantly contested.

## V. Supplemental Jurisdiction

Having found that the PFAC sufficiently alleges FLSA overtime claims which Defendants may not show are futile through the submission of extrinsic evidence on the instant motion, the Court rejects Defendants' argument that it should decline to exercise supplemental jurisdiction over the PFAC's related state law claims. See ECF No. 55 at 5.

## VI. Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motion for leave to file their PFAC as the operative complaint. See ECF No. 50. On or before April 29, 2022, Plaintiffs will file the pleading as the First Amended Complaint and, at their next appearance, the Court will take up Defendants' request for enlargement of the pretrial schedule to permit discovery pursuant to the expanded action.

Dated: Brooklyn, New York
April 22, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge