UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CHUNYU XIA, SIAN GAO, BAO JIN XU, PING :
AN LI, FNU LOBSANG MONLAM, DESHENG :
JIANG, ENLIN GU, on behalf of themselves and :
others similarly situated, JIN FU HUANG, :
JIANPING WU, QUIANG LI, YING JIE WANG, :
JIAN HUA ZHENG, TIN SOON WONG, YI TIM :
CHENG, YUE G. CHEN, YOUWEN YUAN, :
KUN WANG, MIN CHEN, JIANGNIE CHEN, :
CHONGLI YANG, YUN DENG ZHANG, :
JIAXIN ZHOU, NAIQI LIN, QINGWEI YUAN, :
YA CHEN, GENGHAI ZHANG, GUO QIANG :
LI, BAOZHOU LIAN, JUN LIANG, SHIGANG :
TIAN, XIANMING WANG, ZUNCHANG LIN, :
SHI HAN YAN, and XIUCHUN WANG, :
                                                                  :
                              Plaintiffs,                         :
                                                                  :
              -against-                                           :
                                                                  :
NEW YUNG WAH CARRIER LLC, NEW :
YUNG WAH TRADING LLC, XIN PING :
ZHENG, JUAN QING LIN, JOHN DOE 1–5, :
COMPANY ABC 1–5, JANE DOE 1 a/k/a :
LINDA P. ZHENG a/ka/ YU JIE ZHENG a/k/a :
YU MEI ZHENG a/k/a YU ZHENG N. ZHENG, :
JANE DOE 2 a/k/a LINDA P. ZHENG a/k/a/ YU :
JIE ZHENG a/k/a YU MEI ZHENG a/k/a YU :
ZHENG N. ZHENG, and JANE DOE 3–5, :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------ X

**ORDER**
21 Civ. 4475 (HG) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Original Plaintiffs Chunyu Xia, Sian Gao and Bao Jin Xu brought this wage-and-hour action, individually and on behalf on other persons similarly situated, against Defendants New Yung Wah Carrier LLC, New Yung Wah Trading LLC, Xin Ping Zheng, Juan Qing Lin, John Doe and Jane Doe Defendants and Companies ABC (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law

1

("NYLL") §§ 650 et seq.  See ECF No. 1, passim.  Plaintiffs filed an amended complaint which added thirty other Plaintiffs with consents to sue.  See ECF No. 61.

Before the Court is Plaintiffs' motion for conditional certification of an FLSA collective action on behalf of all current and former full-time drivers, helpers and warehouse workers employed by New Yung Wah Carrier LLC and/or New Yung Wah Trading LLC from August 9, 2015 to the present.  See ECF No. 120.  Defendants oppose.  See ECF No. 130.  Plaintiffs reply.  See ECF No. 134.

For the reasons stated below, the Court grants Plaintiffs' motion in part and denies it in part, and the parties are directed to follow and use the Court's notice and consent form as they perform related work.  See Exhibits A & B.

## I.   Background

### a.  Plaintiffs' Complaint

The Court assumes the parties' general familiarity with the action.  What follows are facts drawn from Plaintiffs' amended complaint that are pertinent to the Court's analysis of the instant motion.  See ECF No. 61.

According to Plaintiffs, Defendants employed them for various lengths of time and in different jobs.  Plaintiffs worked or currently work for New Yung Wah Carrier LLC or New Yung Wah Trading LLC in periods of varying length between 1998 and the filing of the amended complaint.  Id. ¶¶ 35–139.  New Yung Wah Trading LLC is a Brooklyn-based wholesale food supplier, and New Yung Wah Carrier LLC is a motor carrier that provides on-demand delivery and transports New Yung Wah Trading LLC's products; both companies employed Plaintiffs as full-time drivers, helpers and warehouse workers.  Id.

Plaintiffs allege numerous violations of state and federal wage-and-hour laws, summarized below. All Plaintiffs regularly worked five to six days per week and between 50 to 83 hours per week. Id. Defendants paid Plaintiffs on a monthly basis, and Plaintiffs received between $1,800 and $4,500 per month. Id. ¶¶ 35–141. Defendants paid a fixed salary regardless of the hours employees worked, paid salaries at least partially in cash, and did not provide wage notices to employees. Id. ¶¶ 141–144. Plaintiffs "generally" did not receive meal time breaks. Id. ¶ 140. Defendants failed to pay Plaintiffs overtime pay for hours worked beyond 40 hours. Id. ¶ 148. Defendants paid Plaintiffs less than the minimum wage in violation of the NYLL and failed to follow frequency of pay requirements pursuant to NYLL §§ 191, 198. Id. ¶¶ 149–150. Defendants did not provide written notices to Plaintiffs that explained their regular pay rate or overtime, in violation of NYLL § 195.1 and the New York Wage Theft Prevention Act. Id. ¶ 151. Defendants failed to provide Plaintiffs with accurate paystubs and W-2s. Id. ¶ 152.

### b. Procedural History

On August 9, 2021, Plaintiffs commenced the instant action. See ECF No. 1. Defendants answered. See ECF No. 8. After additional plaintiffs filed consents to join, see ECF Nos. 10–25, 26–39, 42–44, 47–48, 136, on April 22, 2022, the Court granted Plaintiffs' motion to file an amended complaint with the new plaintiffs, ECF No. 60. Plaintiffs filed the amended complaint on April 26, 2022. See ECF No. 61. Defendants answered. See ECF No. 66.

Plaintiffs filed the instant motion for conditional certification of an FLSA collective action. See ECF Nos. 120–127. Plaintiffs provided their proposed (1) Collective Action Notice ("Notice"), see ECF No. 121-5; Reminder Notice ("Reminder"), see ECF No. 121-6; (3) Consent

to Join Form ("Consent form"), see ECF No. 121-7; and (4) Proposed Order, see ECF No. 121-8. Defendants opposed.[1]  See ECF Nos. 128–130.  Plaintiffs replied.  ECF Nos. 130–134.

### c.  Evidence Submitted By The Parties In Connection With The Instant Motion

What follows are relevant facts drawn from the evidence submitted by the parties in connection with the instant motion.  See ECF Nos. 120–127, 128–130, 130–134.

Three Plaintiffs provide sworn declarations in support of the motion attesting to their complaint allegations about their work for Defendants.  See ECF Nos. 123 ("Xia Decl."), 125 ("Monlam Decl."), 126 ("Jiang Decl.").  Plaintiff Chunyu Xia alleges that he worked for Defendants as a driver from 2005 to April 13, 2020; worked six days per week and no less than 60 hours per week; and earned a fixed monthly salary of $4,500.  See Xia Decl. ¶ 3.  Plaintiff Fnu Lobsang Monlam alleges that he worked for Defendants as a helper from May 1, 2016 to March 20, 2020; worked six days per week; worked 66 hours per week from May 1, 2016 to June 30, 2019, and at least 52 hours per week from July 1, 2019 to March 20, 2019; and earned a monthly salary of $2,600 (later increased to $2,800).  See Monlam Decl. ¶ 2.  Plaintiff Desheng Jiang alleges that he worked as a helper and warehouse worker from 2013 to the present; worked six days per week; worked 72 hours per week from 2013 to July 14, 2021, then worked 54 hours per week from July 15, 2021 to the present; and earned a monthly salary of $2,700 (later increased to $3,500).  See ECF Jiang Decl. ¶¶ 3–7.  Each of these three Plaintiffs states in his declaration that he knew other employees of Defendants who worked under similar conditions but who are not yet involved in the present action, having worked shifts with them and having

---

[1] Defendants originally agreed that the action should be conditionally certified as a collective action, although they disagreed as to the employment tolling period and applicability of the Motor Carrier Exemption.  See ECF No. 40.  Defendants revised their position and, in a subsequent letter to the Court, stated that Defendants could not consent to conditional certification.  See ECF No. 41.

spoken with them in the warehouse before work hours.  See Xia Decl. ¶¶ 8–9, 19; Monlam Decl.

¶¶ 5–6; Jiang Decl. ¶¶ 9–12.  Plaintiffs could identify 17 of these non-participating employees

working similar hours and jobs by name with whom they spoke between 2018 and 2022.  Id.

Mr. Xia and Mr. Jiang state that they kept in contact with these former and current co-employees

through the WeChat messaging app.  See Xia Decl. ¶ 22; Jiang Decl. ¶ 14.  Mr. Xia's declaration

includes a contact list of names and telephone numbers for other drivers, helpers and warehouse

workers employed by Defendants, including ones not currently joined.  See Xia Decl. at 7 (pdf

pagination).  Mr. Xia states that, at the time he ended his employment with Defendants in April

2020, Defendants employed approximately 60 full-time drivers, helpers and warehouse workers

employed by Defendants.  Id. ¶ 11.  Mr. Jiang states that he knew of approximately 50 full-time

drivers, helpers and warehouse workers, of whom 33 were Chinese-speakers like Plaintiffs and

17 were Spanish-speakers.  See Jiang Decl. ¶ 10.  The Spanish-speaking employees were paired

with Chinese-speaking employees such as Plaintiffs on shifts and deliveries, worked the same

jobs with the same hours as their Chinese-speaking co-workers and worked without overtime;

none of the Spanish-speaking employees is yet involved in the case.  Id. ¶¶ 11–12.  Plaintiffs did

not identify the particular company for which any of these individuals worked.

Plaintiffs also submitted the declaration of Mr. Pei Lin Lu, a non-party former

administrative employee responsible for the account payables for New Yung Wah Trading LLC

and New Yung Wah Carrier LLC from April 9, 2012 to March 17, 2020.  See ECF No. 124 ("Lu

Decl.") ¶ 7.  Although Mr. Lu was on New Yung Wah Trading LLC's payroll, he and other

employees of New Yung Wah Trading LLC "also performed services for New Yung Wah

Carrier LLC."  Id. ¶ 8.  The individual Defendants were on New Yung Wah Trading LLC's

payroll, but they also "handled New Yung Wah Carrier LLC's hiring and firing, delivery routes,

work schedules, employee wages, and recordkeeping." Id. ¶ 11.  Mr. Lu states that Defendants

paid employees on a monthly basis with a fixed salary and no overtime compensation.  Id. ¶¶ 13–

14, 17.  Employees were paid in cash and check payments, with cash payments not reflected in

the paystubs.  Id. ¶ 15.

       In response, Defendants submitted the declaration of Defendant Yu Jie Zheng, a human

resources manager for New Yung Wah Trading LLC and New Yung Wah Carrier LLC.  See

Zheng Decl. ¶ 1.  Ms. Zheng states that Defendants compensated drivers, helpers and warehouse

workers in compliance with the FLSA; the case is unsuited for collective action because it would

require Defendants to provide voluminous records of each Plaintiff's employee records and

travel routes for drivers and helpers; and the contact list provided by Mr. Xia is a private

document including both employees and unspecified "third-parties [sic] with whom Defendants

have business dealings," which Mr. Xia lacked authorization to access.  Id. ¶¶ 8–11.  Ms. Zheng

further states that Plaintiffs are covered by the Motor Carrier Exemption to the overtime rules

pursuant to 29 U.S.C. § 13(b)(1) because they were involved in making interstate deliveries.  Id.

¶ 8.  The drivers made deliveries via truck between New York, Pennsylvania, Connecticut, New

Jersey, Rhode Island and Massachusetts; helpers performed safety-related responsibilities such

as loading and unloading trucks and accompanied the drivers during deliveries; warehouse

workers performed the same job functions as helpers.  Id. ¶ 7.  Ms. Zheng notes that Plaintiffs

have already prompted other employees to opt into the case and states that Plaintiffs "should be

directed to disclose their electronic communications" via WeChat with current and former

employees to assess "whether the court-approved notice of this litigation sought by Plaintiffs will

function as an extension of Plaintiffs' campaign to recruit additional employees to join this

lawsuit."  Id. ¶ 13.  Ms. Zheng alleges that Mr. Xia's and Mr. Monlam's time sheets show weeks

in which they worked fewer than 40 hours.  Id. ¶¶ 15–16.  Ms. Zheng also expresses concerns

that the affirming Plaintiffs did not know the contents of their declarations before signing them

because "the signature pages of all the declarations did not contain any substance other than the

signature line" and did not include a statement that the declarations were translated into Chinese.

Id. ¶ 18.  Defendants also submit route records for Plaintiff Bao Jin Xu, detailing his delivery

schedules from July 1, 2020 to July 11, 2020.  See ECF No. 128-1.

    In reply, Mr. Xia, Mr. Monlam and Mr. Jiang each filed an additional declaration.  See

ECF Nos. 131, 132, 133.  These declarations make substantially the same allegations as the

initial declarations submitted in support of their motion but include a statement that the contents

of the declarations were explained to them in Chinese.  See, e.g., ECF No. 131 ¶ 19.

## II.    Standards For Motion For Conditional Certification Of An FLSA Collective

    Section 216(b) of the FLSA provides a private right of action to recover unpaid overtime

compensation "against any employer . . . by any one or more employees for and on behalf of

himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The

Supreme Court has held that "Section 216(b)'s affirmative permission for employees to proceed

on behalf of those similarly situated must grant the court the requisite procedural authority to

manage the process of joining multiple parties in a manner that is orderly, sensible, and not

otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil

Procedure."  Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989); see Genesis

Healthcare Corp. v. Symczyk, 569 U.S. 66, 75 n.1 (2013) (characterizing section 216(b) as a

"joinder process").  Construing that language, the Second Circuit has endorsed a two-step

method to determine whether a case should proceed as a collective action under FLSA.  See

Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010).

In the first step, which corresponds to the conditional-certification stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs." Id. at 555.  Plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  Id. (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  "Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs."  Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007).  The "similarly situated" analysis is "quite distinct" from "the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes."  Myers, 624 F.3d at 555-56.  Mere "unsupported assertions" are not sufficient to pass the first step, but it "should remain a low standard of proof because the purpose of the first stage is to merely to determine whether 'similarly situated' plaintiffs do in fact exist."  Id. (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991)).  The Second Circuit has explained the "similarly situated" standard to mean that "named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation."  Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 516 (2d Cir. 2020).  "[I]f named plaintiffs and party plaintiffs share legal or factual similarities material to the disposition of their claims, dissimilarities in other respects should not defeat collective treatment."  Id. (quoting Campbell v. City of Los Angeles, 903 F.3d 1090, 1114 (9th Cir. 2018)).

At the preliminary stage of an FLSA collective certification, "whether [the plaintiff] will eventually succeed on the merits of his FLSA claim is immaterial."  Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 447 (S.D.N.Y. 2013) (citing Lynch v. United Servs. Auto.

Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (finding that courts must not "weigh the merits of the underlying claims" at the preliminary certification stage). Courts "need not engage in [a merit] inquiry" at the first step of the conditional certification of an FLSA collective. Jeong Woo Kim, 985 F. Supp. 2d at 447. Indeed, because a court "must take care to avoid even the appearance of judicial endorsement of the merits" of an action at this stage, Hoffmann-La Roche, 493 U.S. at 174, a "court may not 'resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations[,]'" Jeong Woo Kim, 985 F. Supp. 2d at 447 (quoting Lynch, 491 F. Supp. 2d at 368). "Accordingly, if the plaintiff's allegations are sufficient on their face to support conditional certification, a defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions." Jeong Woo Kim, 985 F. Supp. 2d at 447 (collecting cases); Sanchez v. Gansevoort Mgmt. Grp., Inc., No. 12 Civ. 75 (KBF), 2013 WL 208909, at *1 n.1 (S.D.N.Y. Jan. 10, 2013) (stating that to the extent an affidavit submitted by the defendants "contradicts statements sworn to by the plaintiffs, the [c]ourt will grant the plaintiffs the benefit of the doubt given the posture of [the conditional certification] motion").

An employee cannot become a party to such an action, however, unless he or she provides consent, in writing, and such consent is filed in the court where the action is pending. See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so."). Courts have discretion to authorize sending notice to potential plaintiffs in a collective action at the conditional-certification stage upon a plaintiff's demonstration that potential class members are "similarly situated." Patton, 364 F. Supp. 2d at 266–67 (citing Sbarro, 982 F. Supp. at 261); see Hoffman-LaRoche, 493 U.S. at 169 ("[D]istrict courts have

discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs."); Sobczak, 540 F. Supp. 2d at 362 (citation omitted).

Following the distribution of the notice, the completion of any opt-in period, and any additional discovery, the court proceeds to the second step of the two-part Section 216(b) inquiry.  "[A]t the second stage, the district court will, on a fuller record, determine . . . whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."  Myers, 624 F.3d at 555.

Of note in this case, Plaintiffs' work duties allegedly entailed the loading and transportation of Defendants' goods across state lines.  See Zheng Decl. ¶ 7.  Section 213(b)(1) provides that the FLSA's overtime requirements do not apply to specified employees who fall under the Secretary of Transportation's jurisdiction.  According to this Motor Carrier Exemption, the FLSA's overtime provision "shall not apply with respect to . . . any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49."  29 U.S.C. § 213(b)(1).  In turn, Section 31502 states that the Secretary of Transportation may prescribe requirements for "(1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation."  49 U.S.C. § 31502(b).  It may therefore be the case that some Plaintiffs are exempt from the overtime provisions of the FLSA.

In cases involving exemptions under the FLSA, conditional certification is warranted where the plaintiff makes, inter alia, "some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements . . .,' on which the criteria for many

FLSA exemptions are based, [and] who are classified as exempt pursuant to a common policy or

scheme." Myers, 624 F.3d at 555. "Therefore, when a plaintiff seeks conditional certification in

a suit that implicates the Motor Carrier Exemption, the court must focus on: (1) whether there are

other employees with similar job requirements; and (2) whether those employees [were]

classified as exempt pursuant to a common policy or scheme." Qi Zhang v. Bally Produce, Inc.,

No. 12 Civ. 1045 (FB) (JMA), 2013 WL 1729274, at *3 (E.D.N.Y. Apr. 22, 2013). At this stage

of the proceedings, the Court need not weigh the merits of whether the Motor Carrier Exemption

applies to Plaintiffs in this case. See Nelson v. Sabre Cos., LLC, No. 15 Civ. 314 (BKS) (TWD),

2016 U.S. Dist. LEXIS 195829, at *20 (N.D.N.Y. Sep. 30, 2016) (granting a motion for

conditional certification and noting that "the Court makes no evaluation of the merits" of, among

other things, defendant's Motor Carrier Exemption defense). Defendants acknowledge this rule

in their opposition and instead argue that Plaintiffs failed to provide the necessary basis for

conditional certification. See ECF No. 130 at 2 ("[I]t will be Defendants' burden to provide the

applicability of the [Motor Carrier] exemption when the merits of this action are ultimately

determined.").

## III.   Analysis

### a.  The Court Will Not Assess The Merits Or Lack Of Merits Of Plaintiffs' Claims Or Plaintiffs' Credibility At The Preliminary Certification Stage

As an initial matter, the Court does not conduct a merits analysis at this stage of the

proceeding. The Court therefore disregards the portions of Defendant Zheng's declaration in

which he contests the merits of Plaintiffs' claims and Plaintiffs' credibility. See Zheng Decl.

Insofar as Mr. Zheng's statements about Defendants' business practices or the nature of

Plaintiffs' work is submitted to show that Plaintiffs' FLSA claims would fail, there is "ample

case law holding that consideration of the merits is absolutely inappropriate at the conditional

approval stage." Wood v. Mike Bloomberg 2020, Inc., 484 F. Supp. 3d 151, 158 (S.D.N.Y.

2020).  To the extent that Mr. Zheng's declaration casts doubt on whether Plaintiffs' declarations

are truthful or were accurately translated into Chinese for Plaintiffs to sign, Plaintiffs' statements

at this stage must be considered without credibility determinations, and Defendants "may not

defeat a court's determination that Plaintiff [is] similarly situated by submitting their own

affidavits." Colon v. Major Perry St. Corp., No. 12 Civ. 3788 (JPO), 2013 WL 3328223, at *5

(S.D.N.Y. July 2, 2013); see Dong Yuan v. Hair Lounge, No. 18 Civ. 11095 (AT) (BCM), 2019

WL 12338302, at *6 (S.D.N.Y. Nov. 7, 2019) ("It is well settled . . . that at the conditional

certification stage the court should not 'make credibility determinations.'") (quoting Jackson v.

Bloomberg, L.P., 298 F.R.D. 152, 158 (S.D.N.Y. 2014)); Alves v. Affiliated Home Care of

Putnam, Inc., No. 16 Civ. 1593 (KMK), 2017 WL 511836, at *4 (S.D.N.Y. Feb. 8, 2018)

("Defendants' competing factual assertions may not default Plaintiff's motion for conditional

class certification.").  Should the Court learn that Plaintiffs' statements were somehow false, that

could lead to adverse consequences for Plaintiffs or their attorneys, but the Court accepts

Plaintiffs' representations at this stage.

> **b.  Plaintiffs Have Shown That Other Workers Were Or Are Similarly Situated To Them In Terms of Defendants' Alleged Violation Of FLSA Overtime Requirements**

As to Plaintiffs' FLSA overtime claims, Plaintiffs have made a sufficient factual showing

that some of Defendants' other employees were or are similarly situated to Plaintiffs.

First, in the declarations submitted in support of this motion, Plaintiffs state that they

learned of at least 17 other named employees with similar duties, flat monthly pay, and lack of

overtime pay either by working with them on shifts or speaking with them about their job

conditions at work or via WeChat.  See Xia Decl. ¶¶ 8–9, 19; Monlam Decl. ¶¶ 5–6; Jiang Decl.

¶¶ 9–12.  Mr. Xia stated that there were approximately 60 full-time drivers, helpers and warehouse workers employed by Defendants; Mr. Jiang further stated that there were at least 17 drivers, helpers and warehouse workers who worked alongside Plaintiffs during shifts for similar hours and without overtime.  Xia Decl. ¶ 11; Jiang Decl. ¶ 10.  For the purposes of determining conditional certification, the Court credits these statements.  See Yi Mei Ke v. JR Sushi 2 Inc., No. 19 Civ 7332 (PAE) (BCM), 2021 WL 148751, at *7 (S.D.N.Y. Jan. 15, 2021) ("[C]ourts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice.") (citation omitted); Quiang Lu v. Purple Sushi, Inc., 447 F. Supp. 3d 89, 95 (S.D.N.Y. 2020) (crediting Plaintiff's attestation that he "befriended some co-workers and . . . talked to them about their work").

Defendants argue that the above statements are nevertheless insufficient to make even the modest showing required, as they lack "job-specific factual allegations" about the job titles of these other employees or the hours they worked.  See ECF No. 130 at 3–6.  First, it must be noted that the factual showing required for conditional certification is a "lenient one."  McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012); Young v. Cooper, 229 F.R.D. 50, 55 (S.D.N.Y. 2005) (noting that plaintiffs face "only a very limited burden . . . for purposes of proceeding as a collective action").  Even if lacking in specificity, "personal observation and conversations with a small collective of co-workers who share the same duties and responsibilities" can suffice to make that showing.  Miranda v. Gen. Auto Body Works, Inc., No. 17 Civ. 4116 (AMD) (RER), 2017 WL 4712218, at *2 (E.D.N.Y. Oct. 18, 2017).  Here, Plaintiffs were able to identify multiple employees by name with similar job titles who claimed to work over 40 hours weekly in the same jobs, without overtime, which helps to make a sufficient factual showing on the motion.  See id. at *1–2 (granting conditional certification

where plaintiff identified two other employees by name who claimed that defendants failed to pay them overtime); <u>Mei Rong Du v. Dingxiang Inc.</u>, No. 19 Civ. 11924 (JPO) (BCM), 2020 WL 7404984, at \*6 (S.D.N.Y. Dec. 17, 2020) (finding a sworn declaration that identified other employees by name and contained information about their wages and hours worked satisfied plaintiff's requirement of a "modest showing" for conditional certification).

In addition, Mr. Xia submitted a contact list of Defendants' employees in support of the motion; this list provides names, driver numbers and telephone numbers for employees, and Mr. Xia states that at least 11 of the workers on the list were similarly situated to Plaintiffs but are not involved with the case.  <u>See</u> Xia Decl. ¶¶ 8–9.  It should also be noted that over 30 individuals have already filed consent forms expressing their interest to join the original Plaintiffs' lawsuit, <u>see</u> ECF Nos. 10–39, 42–44, 47–48, 136, which is reflected in the amended complaint, <u>see</u> ECF No. 61.  One of these individuals, Qing Bin Gao, was mentioned by name in Mr. Xia's declaration as a similarly situated employee of Defendants who might seek to join this action.  <u>See</u> ECF No. 73; Xia Decl. ¶ 9.

Defendant Zheng's declaration supports Plaintiffs' motion, if inadvertently.  It includes Defendants' description of driver, helper and warehouse worker job functions, similar to those described by Plaintiffs: drivers and helpers both "make regular delivery trips" and load and unload merchandise, and warehouse workers "also perform these job functions."  <u>See</u> Zheng Decl. ¶ 7; <u>Qi Zhang</u>, 2013 WL 1729274, at \*4 (noting "some evidence regarding the job duties and responsibilities of the putative opt-ins" can help establish the factual allegations for conditional certification).  Plaintiffs' "[s]ubstantial allegations" and the "admission by [D]efendants that such actions reflect a company-wide policy, sufficiently demonstrate a factual nexus" between Plaintiffs and other employees and, therefore, "support a finding [P]laintiffs and

class members are similarly situated for purposes of sending an FLSA notice." Ayers v. SGS Control Servs., Inc., No. 03 Civ. 9078, 2004 WL 2978296, at *5 (S.D.N.Y. Dec. 21, 2004).

Second, Plaintiffs have made "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann, 982 F.Supp. at 261 (S.D.N.Y. 1997). Plaintiffs' declarations state that all drivers, helpers and warehouse workers worked more than 40 hours weekly and were not paid overtime. See Xia Decl. ¶ 17; Monlam Decl. ¶ 5; Jiang Decl. ¶ 13. "[P]ersonal observation and conversations" with other employees, detailed in declarations, can be enough to demonstrate a common policy or plan for the purposes of conditional certification in an FLSA overtime claim. Miranda, 2017 WL 4712218, at *2; see Wraga v. Marble Lite, Inc., No. 05 Civ. 5038 (JG) (RER), 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (holding that defendant's argument that an affidavit in support of conditional certification "is insufficient as a matter law to support his motion because it contains merely conclusory allegations is misplaced" because "[c]ourts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees"); Fa Ting Wang v. Empire State Auto Corp., No. 14 Civ. 1491, 2015 WL 4603117, at *6 (E.D.N.Y. July 29, 2015) (granting conditional certification where the plaintiff's affidavit set forth a defendant's plan or scheme to not pay overtime compensation and identified by name similarly situated employees). Ms. Zheng states that all drivers, helpers and warehouse workers were exempt from overtime. See Zheng Decl. ¶ 7. Plaintiffs also provided the declaration of Mr. Lu, who had been responsible for accounts payable for New Yung Wah Trading LLC and New Yung Wah Carrier LLC, and who stated that it was "company-wide practice" to pay employees "a fixed monthly salary, without overtime compensation[.]" See Lu Decl. ¶ 14.

15

Plaintiffs and Defendants disagree as to whether Plaintiffs and other employees were mischaracterized as exempt under the Motor Carriers Exemption.  See ECF Nos. 127 at 7; 130 at 2–3.  "[T]hese issues bear on the applicability of the [Motor Carrier Exemption]" and not on whether Plaintiffs were subject to a common policy or plan that deprived them of overtime pay. Masson v. Ecolab, Inc., No. 04 Civ. 4488 (MBM), 2005 WL 2000133, at *15 (S.D.N.Y. Aug. 17, 2005) (internal quotation marks omitted).  The Motor Carriers Exemption issue is a defense that Defendants may assert, see McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 399 (E.D.N.Y. 2011), but because its applicability and scope have not yet been decided, it cannot defeat this motion.  Whether Defendants have a defense to the alleged FLSA violations under the Motor Carrier Exemption is an issue for another day.  As noted above, the merits of Plaintiffs' claims are not to be determined at such a preliminary stage of the suit.  See Jeong Woo Kim, 985 F. Supp. 2d at 447.  The Court therefore does not address the issue of whether Plaintiffs were lawfully "classified as exempt pursuant to a common policy or scheme" at this time but instead accepts that there was a common approach to not paying overtime, which may or may not have been unlawful.  Qi Zhang v. Bally Produce, Inc., No. 12 Civ. 1045 (FB) (JMA), 2013 WL 1729274, at *3 (E.D.N.Y. Apr. 22, 2013); Myers, 624 F.3d at 555.

   **c.  Notice Text**

      **i.  Plaintiffs' Notice Shall Use A Three-Year Notice Period**

The parties contest the timeframe of employment under which to conditionally certify the proposed collective.  Plaintiffs ask for six years, applying the NYLL statute of limitations.  See ECF No. 127 at 12–13.  Defendants argue that the notice term should be three years, the longest FLSA statute of limitations.  See ECF No. 130 at 8–10.  An action under the FLSA "arising out

16

of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

Plaintiffs cite to Serrano v. C.R. Landscaping & Tree Serv. Corp., which held that it "would promote judicial economy to send notice to all members of the collective over the six-year period since this complaint was filed, even though some individuals who receive the notice may only have timely NYLL claims."  No. 20 Civ. 4372 (GRB) (ST), 2022 WL 2467694, at *9 (E.D.N.Y. Jan. 20, 2022).  Courts have, in certain cases, permitted a six-year notice term where the plaintiffs asserted both NYLL and FLSA claims, on the grounds that "even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL."  Fonseca v. Dircksen & Talleyrand Inc., No. 13 Civ. 5124 (AT), 2014 WL 1487279, at *6 (S.D.N.Y. Apr. 11, 2014) (internal quotation marks omitted).  This case is not persuasive here as Plaintiffs are already seeking NYLL class certification.  See ECF No. 79.

In contrast to the cases Plaintiff cites, other cases have concluded that opt-in plaintiff notices should be limited to those claims within the FLSA three-year statute of limitations only, and not the NYLL six-year statute-of-limitations period.  See Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) ("[C]ourts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice."); Sobczak, 540 F. Supp. 2d at 364–65 ("[D]efendants are correct in asserting that the Court should only allow the notice to go back three years, rather than the six years that plaintiffs request.").

The "more recent trend" in this Court is to "approve three-year notice periods to avoid the confusion caused by notifying plaintiffs who potentially have two disparate claims under federal and state wage-and-hour laws with different statutes of limitations, along with the

inefficiency of providing notice to plaintiffs whose claims may well be time-barred under the

FLSA." Alvarado v. GC Dealer Servs. Inc., 18 Civ. 2915 (SJF) (SIL), 2018 WL 6250994, at *4

(E.D.N.Y. Nov. 29, 2018) (alterations omitted).  Here, Plaintiffs have not offered a compelling

reason to deviate from this approach.  The proposed notice refers only to Plaintiffs' FLSA

claims, so including a longer period of possible eligibility may be confusing for potential

plaintiffs whose employment would fall outside the FLSA statute of limitations.  See ECF No.

121-5; see Rojas v. Kalesmeno Corp., No. 17 Civ. 164 (JCF), 2017 WL 3085340, at *6

(S.D.N.Y. July 19, 2017) ("The three-year period more effectively serves the goal of efficiency

in this case and will avoid confusing individuals whose claims arise only under the NYLL, that

is, those whose employment ended more than three but less than six years before the complaint

was filed."); Brabham v. Mega Tempering & Glass Corp., No. 13 Civ. 54 (JG) (VMS), 2013 WL

3357722, at *5 (E.D.N.Y. July 3, 2013) (granting notice of three-year statute of limitations

because "it would be confusing to former employees whose employment fell outside of the

FLSA statute of limitations period to receive notice about an FLSA claim that they can no longer

assert").  The Court therefore applies the three-year statute of limitations to the appropriate dates

for the notice.

Plaintiff also asks that the FLSA statute of limitations be equitably tolled from June 27,

2022, the date on which Plaintiffs moved for a pre-motion conference for their Motion for

Conditional Class Certification.  See ECF No. 127 at 13–14.  "[E]quitable tolling is only

appropriate in [] rare and exceptional circumstance[s], in which a party is prevented in some

extraordinary way from exercising his rights."  Zerilli–Edelglass v. N.Y.C. Transit Auth., 333

F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted); Johnson v. Nyack Hosp., 86 F.3d

8, 12 (2d Cir.1996).  Here, Plaintiffs state only that tolling is warranted to "avoid inequitable

circumstances," without elaborating on what those inequitable circumstances are or would entail. See ECF No. 127 at 13–14.  Because Plaintiff did not provide any reason as to why equitable tolling should apply here, the Court lacks a basis on which to conclude an equitable issue exists, as the Court will not speculate as to Plaintiffs' reasoning.  As such, Plaintiffs' request for this exceptional relief is denied.

### ii.     The Court Grants A 60-Day Opt-In Period

The parties disagree as to the length of the opt-in period.  Plaintiffs propose an opt-in period of 60 days from the date the notice is mailed.  See ECF No. 127 at 13 n.1.  Defendants "acknowledge that precedent typically afford opt-ins 60 days from the mailing of the Notice" but request a 30-day opt-in period, arguing that Plaintiffs have "engaged in a concentrated and coordinated campaign to recruit other employees" and have "already availed themselves of additional time to enlist opt-in plaintiffs during the pendency of their motion."  ECF No. 130 at 24–25.  Plaintiffs' counsel deny that they have solicited or otherwise contacted any non-participating employees to induce them to join, and state that the "numerous workers [who] promptly joined the suit" is "only a strong indication of the existence of a large number of similarly situated workers."  ECF No. 134 at 19–20.  Defendants do not offer support, save for their own assertions, showing that Plaintiffs' counsel has actively solicited potential plaintiffs.  At any rate, as both parties acknowledge, the standard opt-in period is 60 days.  See Fa Ting Wang, 2015 WL 4603117, at *11 ("Courts in this Circuit routinely restrict the opt-in period to sixty days." (internal quotation marks omitted)).  Defendants do not offer a persuasive reason for the Court to deviate from standard practice.  The Court therefore adopts the standard 60-day opt-in period from the date of mailing.

      **iii.**    **Plaintiffs Shall Be Permitted To Post The Notice And Consent Form In A Public Place And Disseminate Them Via Email, Text Message And WeChat**

Plaintiffs request that the notice, reminder and consent form be posted in a conspicuous location in Defendants' workplace where it is likely to be seen by current employees. See ECF No. 127 at 11–12. Defendants argue that such a posting is unwarranted but do not explain why this would present any difficulties. See ECF No. 130 at 18–19. "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." Whitehorn, 767 F. Supp. 2d at 449 (citations omitted). Plaintiffs' request to post the notice and consent form in the workplace is granted.

Plaintiffs also ask that they be permitted to disseminate the notice, reminder and consent form via email, text message and WeChat. See ECF No. 127 at 10–11. Again, Defendants oppose, arguing that it is unwarranted where Plaintiffs can distribute by mail. See ECF No. 130 at 19–20. "Such methods of distribution are ordinarily approved, especially where . . . the nature of the employer's business facilitate[s] a high turnover rate among employees." Lijun Geng v. Shu Han Ju Rest. II Corp., No. 18 Civ. 1222 (PAE) (RWL), 2019 WL 4493429, at *20 (S.D.N.Y. Sept. 9, 2019) (internal quotation marks omitted). Plaintiffs' declarations attest to the steady employee turnover at Defendants' companies and, as noted above, this Court credits their statements. See Xia Decl. ¶ 20; Jiang Decl. ¶ 13; Sanchez, 2013 WL 208909, at *1 n.1. The request to disseminate the notice and consent form via email, text message and WeChat is therefore granted.

Plaintiffs also propose to send an independent text and WeChat message, separate from the notice, to potential opt-in plaintiffs informing them of the lawsuit and asking them to contact Plaintiffs' attorneys; Defendants argue that it fails to inform potential plaintiffs of their right to

separate counsel and is merely a solicitation device.  See ECF Nos. 121-8 ¶ 10, 130 at 23.  The

Court is wary of any methods to contact potential plaintiffs that would "discourage[ ] potential

opt-in plaintiffs from seeking outside counsel," and, in any case, the text and WeChat

dissemination of the notice permitted above renders this independent communication redundant.

Brabham, 2013 WL 3357722, at *7.

      **iv.**    **Discovery**

      Plaintiffs asked for discovery of the names and contact information of eligible drivers,

helpers and warehouse workers employed by Defendants.  See ECF No. 127 at 9–10.

Defendants argue that such discovery would be "overly burdensome."  See ECF No. 130 at 21.

Defendants fail to provide a satisfying explanation as to why such a request would be overly

burdensome, particularly given that courts routinely order discovery of names, addresses, e-mail

addresses and telephone numbers in FLSA actions.  See Hernandez v. Immortal Rise, Inc., No.

11 Civ. 4360 (RRM) (LB), 2012 WL 4369746, at *9 (E.D.N.Y. Sept. 24, 2012); Ack v.

Manhattan Beer Distribs., Inc., No. 11 Civ. 5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y.

May 15, 2012) (collecting cases).  The Court therefore grants Plaintiffs' request for discovery of

the names, and last known addresses, email addresses and telephone numbers of potential opt-in

plaintiffs.

      Plaintiffs request an "expedited disclosure" whereby Defendants will produce a list of

names and contact information for the eligible drivers, helpers and warehouse workers within 15

days of the entry of this Order.  See ECF No. 127 at 9–10.  Defendants oppose, stating that

Plaintiffs failed to file their pre-motion letter request to move for conditional certification until

June 27, 2022, despite having been "first instructed by the Court during the January 26, 2022

status conference" to file by February 4, 2022; because Plaintiffs "proceeded slowly with this

motion, it would be manifestly unjust to require Defendants to effect disclosure within an expedited 15-day time frame."  See ECF No. 130 at 21–22.  The Court's Order issued after the January 26, 2022 status conference required that the parties file a joint status letter explaining their discovery disputes on or before February 4, 2022—it did not, as Defendants assert, demand that Plaintiffs file their pre-motion letter by that date.  See ECF Dkt. 1/26/2022.  Plaintiffs do not offer any reason why Defendants should be required to make an expedited production.  The Court reviewed with the parties the extensive challenges to reviewing and coordinating an analysis of Defendants' records, many of which were kept in connection with the routes served and the work done and were not based on employees' records.  See ECF Dkt. 12/22/2022 Conference Order.  There is no evidence in the record to show the preparation of the possible plaintiffs' contact list can be prepared more easily or quickly.  It is reasonable to give Defendants 30 days from the date of this Order to produce, for the proposed collective, the eligible employees' names, and last known addresses, telephone numbers and email addresses. Plaintiffs' counsel may not disseminate this contact information and should use it only for the purposes of distributing the collective notice and consent form.

Plaintiffs propose that "[s]hould Defendants fail to furnish a complete mailing list as detailed above, or more than 20% of the Notices be returned as undeliverable with no forwarding address," Plaintiffs would reserve the right to apply the Court to disseminate the notice and consent form through other means "at Defendants' expense."  ECF No. 121-8 ¶ 9.  Defendants argue that this suggestion is prejudicial and premature.  See ECF No. 130 at 22–23.  Plaintiffs do not respond to this objection.  The Court agrees that this language is premature.  See Chui v. Am. Yuexianggui of LI LLC, No. 18 Civ. 5091 (SJF) (AKT), 2020 WL 3618892, at *11 (E.D.N.Y. July 2, 2020) (collecting cases).

v.        **The Court Rejects Circulation Of Reminder**

Plaintiffs propose sending a reminder to potential plaintiffs who do not submit a consent

form in response to the notice; the proposed reminder would notify potential plaintiffs again of

the lawsuit's existence and that they may join by returning the consent form.  See ECF No. 121-

6.  Defendants argue that Plaintiffs have failed to show that the reminder is necessary, given that

Plaintiffs have already "heavily solicited many of the potential opt-ins for the past year" and

there is "no need to further remind those individuals" of the lawsuit.  ECF No. 130 at 23–24.

Although a large number of plaintiffs have already joined the lawsuit, Defendants do not offer

evidence to show that Plaintiffs have actively contacted potential opt-in plaintiffs like those

identified by name in Plaintiffs' declarations, only one of whom has already joined.  Plaintiffs

argue that in some cases courts have found it appropriate to approve reminder notices, generally

sent halfway through the notice period, to ensure that as many potential plaintiffs are informed of

their right to opt-in as possible.  See ECF No. 134 at 19; see Meo v. Lane Bryant, Inc., No. 18

Civ. 6360 (GRB) (ST), 2019 WL 5157024 at *13 (E.D.N.Y. Sept. 30, 2019) (collecting cases).

Even so, a plaintiff seeking a reminder notice must also "identif[y] any reason why a reminder

notice is necessary" for their particular case.  See Guzelgurgenli v. Prime Time Specials Inc.,

883 F. Supp. 2d 340, 358 (E.D.N.Y. 2012).  Although Plaintiffs "reference the FLSA's broad

remedial purpose in requesting permission to send a reminder notice," they fail "to discuss the

particular circumstances of the instant case which would that necessitate such notice."  Tanski v.

Avalonbay Communities, Inc., No. 15 Civ. 6260 (AKT), 2017 WL 10858910, at *21 (E.D.N.Y.

Mar. 31, 2017).  Because of this, and because the proposed notice would adequately inform

potential plaintiffs of the suit, the Court rejects the reminder.

###### vi.     Disputes Over Language In Plaintiffs' Proposed Documents

Defendants object to certain language in Plaintiffs' proposed documents, which include the (1) notice, <u>see</u> ECF No. 121-5; (2) reminder, <u>see</u> ECF No. 121-6; (3) consent form, <u>see</u> ECF No. 121-7; and (4) proposed order, <u>see</u> ECF No. 121-8.  Defendants' objections and proposed modifications are to the Notice discussed below; the proposed reminder and order will not be used in this case.

Defendants object to the notice's title, which reads "Court-Authorized Notice Informing You of Your Legal Rights" and is captioned "This Notice and Contents Have Been Authorized by the Federal Court."  <u>See</u> ECF Nos. 121-5, 130 at 10.  In prior cases, the Court has removed similar language from a notice's title, while including a caption to notify recipients that the notice is authorized by the Court and is not a solicitation from an attorney.  <u>See</u> <u>Jiao v. Shang Shang Qian Inc.</u>, No. 18 Civ. 5624 (DG) (VMS), 2021 WL 4356043, at *4–6 (E.D.N.Y. Sept. 24, 2021).  The Court adopts the same language and revises the notice's title and caption accordingly.

The Court rejects Defendants' request that the notice should reference only New Yung Wah Carrier LLC and omit mention of New Yung Wah Trading LLC.  <u>See</u> ECF No. 130 at 11. The complaint was brought against both companies, as was the amended complaint.  <u>See</u> ECF Nos. 1, 61.  Although Defendants dispute the involvement of New Yung Wah Trading LLC, Plaintiffs' declaration from Mr. Lu, a former administrative employee of Defendants in charge of payrolls, attests that employees of New Yung Wah Trading LLC "also performed services for New Yung Wah Carrier LLC" and that the businesses were intertwined.  <u>See</u> Lu Decl. ¶¶ 8, 11. The Court credits these allegations on this motion.  <u>Sanchez</u>, 2013 WL 208909, at *1 n.1.  As

both New Yung Wah Trading LLC and New Yung Wah Carrier LLC are Defendants in this case, both are properly mentioned in any notice.

The Court has modified the notice and consent form so that potential plaintiffs must send the completed form to the Court and not to Plaintiffs' counsel, as it agrees with Defendants that this will avoid potential disputes regarding the timeliness of the filing of opt-in forms and establish that opt-in plaintiffs may seek their own counsel and are not required to retain Plaintiffs' counsel.  See Gomez v. Terri Vegetarian LLC, No. 17 Civ. 213 (JMF), 2017 WL 2628880, at *3 (S.D.N.Y. June 16, 2017) ("To avoid disputes over timeliness, potential opt-in plaintiffs shall be required to send their consent forms directly to the [c]lerk of [c]ourt rather than to Plaintiff's counsel."); Brabham, 2013 WL 3357722, at *7 (ordering that opt-in forms be returned to the court as the alternative approach could "discourage[ ] potential opt-in plaintiffs from seeking outside counsel" and delay tolling of the statute of limitations).  Plaintiffs state that they do "not object to the form being mailed to the Clerk of Court."  See ECF No. 134 at 15. The Court adopts this change.

Defendants ask that their counsel's contact information be included in the notice.  See ECF No. 130 at 13.  Plaintiffs do not oppose.  The Court permits the inclusion of this information, as this will allow potential Plaintiffs access to a more complete analysis of the potential claims.  See She Jian Guo v. Tommy's Sushi Inc., No. 14 Civ. 3964 (PAE), 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014) (collecting cases).

Defendants request that the notice state that Defendants are asserting the Motor Carrier Exemption and the fluctuating-work-week doctrine as defenses.  See ECF No. 130 at 12–13.  In the interest of making Defendants' position clear and because the Court has similarly provided statements of defenses in notices for other cases, the revised notice includes language concerning

25

the defenses.  See Han v. Shang Noodle House, Inc., No. 20 Civ. 2266 (PKC) (VMS), 2021 WL 3774186, at *15 (E.D.N.Y. Aug. 24, 2021) (stating that defendants assert an exemption defense in the notice).  The Court rejects Defendants' request to move the statement of Defendants' positions and defenses to the introduction of the notice because Defendants have not explained why these changes are necessary to explain Defendants' position in this case.  See ECF No. 121-5 at 3.  The Court does agree to make the text more internally consistent by removing boldfaced type from the notice and deleting the fourth paragraph on page three of the notice that begins with "[y]ou may be owed payment if you are a Potential Collective Member and worked overtime . . . ."

Defendants object that the notice should have different language with respect to the fact that Plaintiffs' attorneys' fees will be deducted from recovery by the collective.  The Court has modified the language related to fees to make it more consistent and cleaner across the notice.

The Court agrees with Defendants' objection that the notice should explain that opt-in plaintiffs may have to provide discovery or testify and would be bound by the Court's decision; these provisions have routinely been included in similar notices.  See, e.g., Whitehorn, 767 F. Supp. 2d at 451 (noting that language informing prospective class members of "the possibility that they will be required to participate in discovery and testify at trial . . . is routinely accepted").  Inclusion will help ensure that potential plaintiffs understand the commitment to participation that they would be undertaking if they join the suit, as well as the broad legal proposition that they would be bound by its outcome.

Defendants argue that the notice should not specify that Defendants are prohibited from retaliating against workers who opt-in and should instead state only that "[f]ederal law prohibits retaliation against any person that joins this lawsuit."  See ECF No. 130 at 16.  The Court agrees

with this proposal as it would provide potential plaintiffs with a statement of their relevant rights but would not imply that Defendants are associated with wrongful conduct.  See Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) (acknowledging that a "notice, generally, should contain . . . the prohibition against retaliation").  Defendants also ask that the notice not include a statement that opt-in plaintiffs can join and share in any recovery from the lawsuit regardless of immigration status; the Court rejects Defendants' argument but revises the text to give a more accurate statement of the rights of potential plaintiffs.  See Hong v. Haiku @ WP Inc., 582 F. Supp. 3d 117, 133 (S.D.N.Y. 2022) (collecting cases).  The additional language proposed by Plaintiffs is unnecessary and misleading because there are many caveats to eligibility to participate which cannot be covered in the notice.  As to the statement that opt-in plaintiffs will not be asked to disclose their immigration status to participate, it is premature to state that one's immigration status would not be relevant at least for some possible plaintiffs.

Defendant proposes that the notice include a "Further Information" section informing opt-in plaintiffs that they may examine the case file in-person at the courthouse or for a fee via PACER.  See ECF No. 130 at 17.  Plaintiffs do not object.  See generally ECF No. 134.  The Court therefore adopts this provision.

In addition, the Court has revised additional text in the notice and form to improve accuracy and consistency within the documents.

## IV.    Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' motion for conditional certification of an FLSA collective on behalf of all current and former full-time drivers, helpers and warehouse workers employed by New Yung Wah Carrier LLC and/or New Yung Wah Trading LLC from August 9, 2018 to the present, and directs the parties to follow the

27

Court's instructions included herein and to use the Court's notice (see Exhibit A) and consent

form (see Exhibit B) as they perform related work.


Dated: Brooklyn, New York
       January 9, 2023

                    _Vera M. Scanlon_
                    VERA M. SCANLON
                United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

| | |
|---|---|
| CHUNYU XIA, SIAN GAO, BAO JIN XU, PING : | |
| AN LI, FNU LOBSANG MONLAM, DESHENG : | |
| JIANG, ENLIN GU, on behalf of themselves and : | **NOTICE OF LAWSUIT** |
| others similarly situated, JIN FU HUANG, : | 21 Civ. 4475 (HG) (VMS) |
| JIANPING WU, QUIANG LI, YING JIE WANG, : | |
| JIAN HUA ZHENG, TIN SOON WONG, YI TIM : | |
| CHENG, YUE G. CHEN, YOUWEN YUAN, : | |
| KUN WANG, MIN CHEN, JIANGNIE CHEN, : | |
| CHONGLI YANG, YUN DENG ZHANG, : | |
| JIAXIN ZHOU, NAIQI LIN, QINGWEI YUAN, : | |
| YA CHEN, GENGHAI ZHANG, GUO QIANG : | |
| LI, BAOZHOU LIAN, JUN LIANG, SHIGANG : | |
| TIAN, XIANMING WANG, ZUNCHANG LIN, : | |
| SHI HAN YAN, and XIUCHUN WANG, : | |

Plaintiffs,                              :

-against-                          :

NEW YUNG WAH CARRIER LLC, NEW        :
YUNG WAH TRADING LLC, XIN PING       :
ZHENG, JUAN QING LIN, JOHN DOE 1–5,  :
COMPANY ABC 1–5, JANE DOE 1 a/k/a    :
LINDA P. ZHENG a/ka/ YU JIE ZHENG a/k/a :
YU MEI ZHENG a/k/a YU ZHENG N. ZHENG, :
JANE DOE 2 a/k/a LINDA P. ZHENG a/ka/ YU :
JIE ZHENG a/k/a YU MEI ZHENG a/k/a YU :
ZHENG N. ZHENG, and JANE DOE 3–5,    :

Defendants.                        :
------------------------------------------------------------ X

**A FEDERAL COURT AUTHORIZED THIS NOTICE.**

**THIS IS NOT A SOLICITATION FROM A LAWYER.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ IT CAREFULLY.**

TO: All persons employed as full-time drivers, helpers and warehouse workers between August 9, 2018 and the present by New Yung Wah Carrier, LLC, New Yung Wah Trading, LLC, and their related entities (collectively, hereinafter "New Yung Wah"), Xin Ping Zheng, Juan  Qing Lin, John Doe 1-5, Jane Doe 1 a/k/a Linda P. Zheng a/k/a Yu Jie Zheng a/k/a Yu Mei Zheng a/k/a Yu Zheng N. Zheng, Jane Doe 2 a/k/a Linda P. Zheng a/k/a Yu Jie Zheng a/k/a Yu Mei

1

Zheng a/k/a Yu Zheng N. Zheng, Jane Doe 3-5 (hereinafter collectively "Defendants") (hereinafter "potential collective members").  Corporate officers, shareholders, directors and administrative employees are not among the potential collective members.

The purpose of this notice is to inform you of this lawsuit, and to further inform you of certain rights you may have with respect to this lawsuit.  If you worked at New Yung Wah as a full-time driver, helper or warehouse employee, at any time between August 9, 2018 and the present, you may choose to become a plaintiff this lawsuit.

Plaintiffs Chunyu Xia, Sian Gao, Ping An Li, Fnu Lobsang Monlam, Desheng Jiang and Enlin Gu (hereinafter sometimes "Representatives") are current or former employees of New Yung Wah who have brought this lawsuit on behalf of themselves and potential collective members to recover allegedly unpaid overtime compensation for all hours worked in excess of forty (40) per week.  This lawsuit seeks, among other things, the payment of overtime wages pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.), allegedly owed to current and former employees of New Yung Wah.  You may be owed money if you are a potential collective member and worked overtime during that period but did not receive overtime pay that you should have been paid.

Defendants deny any wrongdoing and/or liability to Plaintiffs or potential collective member who may allege that he or she was underpaid.  Defendants likewise deny that any employee was underpaid for his or her work at any time.  Among other arguments, Defendants claim 1) that Plaintiffs or any potential collective member were or are not covered by the Fair Labor Standards Act, including employees who fall within the Motor Carrier Exemption, and 2) that Plaintiffs or any potential collective member were or are lawfully paid according to the fluctuating-work-week method.

This notice is meant to advise you of your right to participate in this lawsuit as a plaintiff under the Fair Labor Standards Act if you believe that you were underpaid by New Yung Wah.  Federal law prohibits retaliation against any person that joins this lawsuit.  You may join this lawsuit as a plaintiff regardless of your immigration status.  Participation in this lawsuit may require you to respond to written questions, provide documents, testify at a deposition and testify at a trial.

No determination has been made that you are owed any overtime wages or any other wages, and the Court is not endorsing the merits of this lawsuit or advising you to

2

participate in this lawsuit.  If you participate in this lawsuit, you will be bound by any decision, judgment or settlement, whether favorable or unfavorable, issued by the Court.

You may examine the Court file in this case, in person, at the United States Courthouse, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. You may also view the case file via the Internet, for a fee, using the Court's PACER service.

* * *

**FILING THE CONSENT-TO-JOIN FORM**

If you wish to participate in this lawsuit, you must sign and return the enclosed consent-to-join form as directed below.  If you fail to submit an executed consent-to-join form to the Clerk of the Court by [END DATE OF THE OPT-IN PERIOD], you will not be eligible to participate in the FLSA portion of this lawsuit.  Consent-to-join forms filed after [END DATE OF THE OPT-IN PERIOD] may be rejected.

If you wish to pursue claims under the Fair Labor Standards Act by participating in this lawsuit, you must send by mail, overnight delivery or hand deliver your signed and completed consent-to-join form by [END DATE OF THE OPT-IN PERIOD], to:

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
ATTN: Xia v. New Yung Wah Carrier LLC, 21 Civ. 4475 (HG) (VMS)

Heng Wang & Associates P.C., 305 Broadway, 7th Floor, New York, NY 10007; Telephone: (212) 203-5231; Fax: (212) 203-5237; email address: all@wanggaolaw.com (hereinafter sometimes "Plaintiffs' counsel") are the lawyers for Plaintiffs in this case.  You may contact these lawyers if you have questions about this case.  You may decide to have this law firm be your lawyers in this case.  If you are represented by Plaintiffs' counsel, their costs and attorneys' fees may be paid out of any recovery from Defendants if there is a recovery.

You have a right to consult with another attorney of your choice about this case.  If you are represented by a different attorney, you should consult with that attorney regarding how the attorney's fees and costs will be paid.  It may be that they would be paid out of your recovery from Defendants, if any.

3

Defendants are represented by The Seltzer Law Group P.C., 125 Maiden Lane, Suite 507, New York, NY; Telephone: (646) 863-1909; Fax: (646) 863-1877; email address: sseltzer@slg-ny.com.  You may also contact these lawyers if you have questions about this case.

If you choose to join the lawsuit, it is extremely important that you read, sign and promptly mail, send by overnight delivery or hand deliver the completed and signed consent-to-join form to Clerk of the Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, ATTN: Xia v. New Yung Wah Carrier LLC, 21 Civ. 4475 (HG) (VMS).  An addressed and postage paid envelope is enclosed for your convenience.

PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THIS LAWSUIT.

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Dated: Brooklyn, New York
     January 9, 2023

SO ORDERED:
*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

4

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
CHUNYU XIA, SIAN GAO, BAO JIN XU, PING AN    :
LI, FNU LOBSANG MONLAM, DESHENG JIANG,       :
ENLIN GU, on behalf of themselves and others :
similarly situated, JIN FU HUANG, JIANPING WU, :        **CONSENT-TO-JOIN FORM**
QUIANG LI, YING JIE WANG, JIAN HUA ZHENG,    :        21 Civ. 4475 (HG) (VMS)
TIN SOON WONG, YI TIM CHENG, YUE G. CHEN,    :
YOUWEN YUAN, KUN WANG, MIN CHEN,             :
JIANGNIE CHEN, CHONGLI YANG, YUN DENG        :
ZHANG, JIAXIN ZHOU, NAIQI LIN, QINGWEI       :
YUAN, YA CHEN, GENGHAI ZHANG, GUO            :
QIANG LI, BAOZHOU LIAN, JUN LIANG,           :
SHIGANG TIAN, XIANMING WANG, ZUNCHANG :
LIN, SHI HAN YAN, and XIUCHUN WANG,          :
                                             :
                  Plaintiffs,                :
                                             :
              -against-                      :
                                             :
NEW YUNG WAH CARRIER LLC, NEW YUNG           :
WAH TRADING LLC, XIN PING ZHENG, JUAN        :
QING LIN, JOHN DOE 1–5, COMPANY ABC 1–5,     :
JANE DOE 1 a/k/a LINDA P. ZHENG a/k/a/ YU JIE :
ZHENG a/k/a YU MEI ZHENG a/k/a YU ZHENG N.    :
ZHENG, JANE DOE 2 a/k/a LINDA P. ZHENG a/k/a/ :
YU JIE ZHENG a/k/a YU MEI ZHENG a/k/a YU      :
ZHENG N. ZHENG, and JANE DOE 3–5,            :
                                             :
                  Defendants.                :
---------------------------------------------------------------- X

IF YOU RECEIVED THIS FORM AND WANT TO JOIN THIS LAWSUIT, PLEASE
COMPLETE THE FOLLOWING <u>TWO STEPS</u>:

1. Fill out and sign this two-page form; <u>and</u>
2. Use the enclosed envelope to A) send by mail, B) send by overnight mail or C) hand deliver the
   form by [END DATE OF THE OPT-IN PERIOD] to:

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
ATTN: Xia v. New Yung Wah Carrier LLC, 21 Civ. 4475 (HG) (VMS)

2

I consent to join in Xia v. New Yung Wah Carrier LLC as a party plaintiff.

Date: _____

_____                    _____

Signature                                                           Print Name

_____

Address

_____     _____     _____

Phone Number                        Email Address (if you have one)      WeChat ID (if you have one)

3