UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUNYU XIA, SIAN GAO, PING AN LI, FNU LOBSANG MONLAM, DESHENG JIANG, on behalf of themselves and others similarly situated, JIN FU HUANG, JIANPING WU, QUIANG LI, YING JIE WANG, JIAN HUA ZHENG, TIN SOON WONG, YI TIM CHENG, YUE G. CHEN, YOUWEN YUAN, KUN WANG, MIN CHEN, JIANGNIE CHEN, CHONGLI YANG, YUN DENG ZHANG, JIAXIN ZHOU, NAIQI LI, QINGWEI QUAN, YA CHEN, GENGHAI ZHANG, GUO QIANG LI, BAOZHOU LIAN, JUN LIANG, SHIGANG TIAN, XIANMING WANG, ZUNCHANG LIN, SHI HAN YAN, XIUCHUN WANG, CHUNYAN DONG, ZHE ZHONG ZOU, ZHEN SHENG LI, LINHAI LI, HANYANG LIN, QING BIN GAO, XIN XING LIN, XINZHU LIN, KONG HUI WANG, SEN QI, XIAO DAN ZHU, ZHEN XING XIE, JIN FENG LIAN, SONGGUAN XIE, AH YENG PHUAN and WEN XING LIU, <br><br>              Plaintiffs, <br>        v. <br><br> NEW YUNG WAH CARRIER, LLC, NEW YUNG WAH TRADING, LLC, XIN PING ZHENG, JUAN QING LIN, JIHONG LEE a/k/a JI HONG LEE, HIU MING MA, YU JIE ZHENG a/k/a JESSIE ZHENG, YU ZHEN ZHENG a/k/a YUZHEN NANCY ZHENG a/k/a YU ZHEN NANCY ZHENG, <br><br>              Defendants. | **MEMORANDUM & ORDER** <br> 21-CV-04475 (HG) (VMS) |

**HECTOR GONZALEZ**, United States District Judge:

On September 17, 2025, the Honorable Vera M. Scanlon issued a Report &

Recommendation ("R&R"), in which she recommended that this Court grant in part and deny in

part Plaintiffs' Motion for Class Certification.  *See* ECF No. 195 (Motion for Class Certification); ECF No. 200 (R&R).[1]  Defendants filed objections to the R&R on October 17, 2025, and a week later, Plaintiffs filed an opposition to Defendants' objections.  *See* ECF No. 202 (Defendants' Objections); ECF No. 203 (Plaintiffs' Opposition).  For the reasons that follow, the Court OVERRULES Defendants' objections and ADOPTS the R&R in its entirety.

### BACKGROUND[2]

Plaintiffs, who are or were employed by Defendants as drivers, helpers, and/or warehouse workers, brought this putative class and collective action against Defendants New Yung Wah Trading, LLC, which supplies food and food-related products generally to restaurants; New Yung Wah Carrier, LLC, which transports those goods to customers on its fleet of trucks; and various owners, officers, and/or managers of both New Yung Wah Trading, LLC and New Yung Wah Carrier, LLC.  *See* ECF No. 176 ¶¶ 4–32 (Second Amended Complaint; "SAC"); ECF No. 199 ¶¶ 1–2 (Declaration of Chunyu Xia); ECF No. 195-17 ¶¶ 2–4 (Declaration of Sian Gao); ECF No. 195-20 ¶¶ 2–5 (Declaration of Desheng Jiang); ECF No. 54 ¶¶ 2–3 (Declaration of Yu Jie Zheng).

In the SAC, Plaintiffs assert the following claims:  failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); failure to pay minimum wage and spread-of-hours compensation in violation of the NYLL; failure to provide wage notices and wage statements in violation of the NYLL, as amended by

---

[1]      Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2]      In considering a motion for class certification, the Court assumes the truth of the plaintiffs' allegations.  *See Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 661 n.15 (2d Cir. 1978).

the Wage Theft Prevention Act ("WTPA"); and failure to follow pay frequency requirements under the NYLL. *See* ECF No. 176 ¶¶ 211–237. On March 31, 2025, Plaintiffs filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to their NYLL overtime, wage-notice and wage-statement, and pay frequency claims, *see* ECF Nos. 195, 195-1 at 6, which the Court then referred to Judge Scanlon for an R&R as to her findings, *see* Apr. 1, 2025, Text Order.

On September 17, 2025, Judge Scanlon filed a thorough, well-reasoned R&R, in which she recommended that the Court grant in part and deny in part Plaintiffs' motion for class certification, as follows:

1.  that Plaintiffs' motion for class certification as to their wage-notice and wage-statement claims be denied without prejudice, and that within 30 days of the adoption of the R&R, should it be adopted, Plaintiffs be ordered to show cause as to why their wage-notice and wage-statement claims should not be dismissed for lack of standing;

2.  that Plaintiffs' motion for class certification as to their NYLL pay-frequency claim be granted in part and denied in part, and that the Court certify a class of all full-time drivers, helpers and warehouse workers employed by New Yung Wah Carrier, LLC and/or New Yung Wah Trading, LLC, from August 9, 2015, to September 29, 2023, in connection with Plaintiffs' pay-frequency claim under N.Y. Lab. L. § 191 (the "Pay-frequency Class"), and that any other relief sought on this motion as to this class be denied;

3.  that Plaintiffs' motion for class certification as to their NYLL overtime claim be granted in part and denied in part, and that the Court certify a subclass of all full-time drivers and helpers employed by New Yung Wah Carrier, LLC and/or New Yung Wah Trading,

3

LLC, from August 9, 2015, to September 29, 2023, in connection with Plaintiffs' overtime claim under N.Y. Lab. L. §§ 190 *et seq.* and the corresponding New York regulations (the "Overtime Subclass"), and that any other relief sought on this motion as to this subclass be denied;

4. that Heng Wang & Associates, P.C., be appointed as class counsel and that Plaintiffs Chunyu Xia, Sian Gao, Ping An Li, Fnu Lobsang Monlam and Desheng Jiang be appointed as class representatives for the aforementioned Pay-frequency Class and Overtime Subclass;

5. that the class notice filed on the docket at ECF No. 200-1 and the opt-out form filed on the docket at ECF No. 200-2 be approved as modified in Exhibits A and B to the R&R; and

6. that Defendants be ordered to provide to Plaintiffs' counsel within fourteen days of the adoption of the R&R, should it be adopted, a Microsoft Excel spreadsheet in a Microsoft Excel electronic file containing the following information in the following columns as to each class member:

   a. Column A:  Unique numerical identifier;

   b. Column B:  First name;

   c. Column C:  Middle name (if applicable);

   d. Column D:  Last name;

   e. Column E:  Nickname (if applicable);

   f. Column F:  Name in native language (if applicable);

   g. Column G:  Position title;

   h. Column H:  Last known street address with apartment number (if applicable);

4

    i.   Column I:  City;

    j.   Column J:  State;

    k.   Column K:  Zip Code;

    l.   Column L:  Last known telephone number;

    m.  Column M:  Last known email address;

    n.   Column N:  WeChat ID (if applicable);

    o.   Column O:  Start date of employment; and

    p.   Column P:  End date of employment;

for the Pay-frequency Class and the Overtime Subclass, as defined in the R&R, along with an affidavit from Defendants that the responsive information provided is the complete reflection of the employment records and knowledge possessed by Defendants as to these items;

7. that Plaintiffs be ordered to file, within fourteen days of receiving the aforementioned Excel spreadsheet from Defendants, an updated version of the approved class notice and opt-out form along with certified Chinese and Spanish translations of the approved class notice, with the following revisions:

    a.   in the class notice, replace **"[WeChat ID will be inserted here]"** with a WeChat ID that members of the Pay-frequency Class and Overtime Subclass may use to contact class counsel;

    b.   in the class notice, replace **"[QR code will be inserted here]"** with an image of a QR code that members of the Pay-frequency Class and Overtime Subclass may use to contact class counsel;

5

    c.   in the class notice, replace **"[45 days from the date notice is sent out]"** with a date forty-five days from the date the class notice is disseminated;

    d.   in the opt-out form, replace **"[Insert Chinese Translation]"** with the certified Chinese translation of the preceding English text;

    e.   in the opt-out form, replace **"[Insert Spanish Translation]"** with the certified Spanish translation of the preceding English text; and

    f.   in the opt-out form, replace **"[Insert Chinese & Spanish Translation]"** with the certified Chinese and Spanish translations of the preceding English text; and

8.   that class counsel be ordered to disseminate, within ten days of filing this updated and approved class notice and opt-out form, the English, Chinese and Spanish versions of these documents to all potential Pay-frequency Class and Overtime Subclass Members, via the contact information that Defendants provided, using each means of written communication available for each class member.

ECF No. 200 at 2–5.

On October 17, 2025, Defendants filed objections to the R&R's conclusion that the predominance requirement of Rule 23(b)(3) is satisfied for both the Pay-frequency Class and the Overtime Subclass. *See* ECF No. 202 at 7, 11. Defendants further requested that "[i]n the event that the class certification is granted as recommended in the R&R . . . expert and fact discovery be re-opened for a modest period in order for Defendants to perform any necessary supplementing or revising of their prior productions and expert disclosures to account for an expanded class of plaintiffs." *Id.* at 13.

Plaintiffs filed an opposition to Defendants' objections on October 23, 2025, urging this Court to "swiftly dismiss" the objections. ECF No. 203 at 2. Plaintiffs maintain that

Defendants' arguments are either "recycle[d]" or improperly raised for the first time, which warrants clear-error review, and there is none. *Id.* at 3–6. As for Defendants' request to re-open discovery, Plaintiffs assert that "the R&R does not address any discovery issues at all, and thus it is inappropriate for Defendants to raise such an issue in their Objections." *Id.* at 6. In any event, Plaintiffs argue, Defendants must have good cause to re-open discovery, which they do not purport to have. *Id.* at 6–7 (citing Fed. R. Civ. P. 16(b)(4)).

## LEGAL STANDARD

### I.      Review of a Report & Recommendation

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). For those portions of the R&R to which no proper objection is made, the Court need only satisfy itself that there is no clear error on the face of the record. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022). When a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage th[is Court] in a rehashing of the same arguments set forth in the original [papers, that] will not suffice to invoke de novo review." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009). Accordingly, when considering objections that "merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the [R&R] for clear error." *Id.* "Finally, new arguments and factual assertions cannot properly be raised for the first time in objections to the [R&R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12-cv-3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014).

## II.      Federal Rule of Civil Procedure 23

Under Rule 23, a proposed class action must: "(1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (citing Fed. R. Civ. P. 23(a)).  And because Plaintiffs seek to certify a class under Rule 23(b)(3), Plaintiffs must also show that "questions of law or fact common to class members predominate over any questions affecting only individual members"—*i.e.*, the "predominance" requirement— "and that class treatment would be superior to individual litigation." *Id.* (citing Fed. R. Civ. P. 23(b)(3)).

## DISCUSSION

The Court begins by addressing Defendants' objections before turning to the unopposed recommendations and Defendants' request to re-open discovery.

## I.      NYLL Pay-Frequency Claim

First, Defendants object to the R&R's finding that the Pay-frequency Class satisfies Rule 23(b)(3)'s predominance requirement.  *See* ECF No. 202 at 7–10.  Specifically, Defendants contend that "the R&R assigned insufficient weight to the Defendants' defense that not all of the Plaintiffs qualify as 'manual workers' under NYLL § 191," and thus, not all Plaintiffs are subject to the pay frequency requirement for manual workers under the NYLL.  *Id.* at 7.  To determine whether each Plaintiff qualifies as a "manual worker," Defendants assert, the Court must conduct an individualized assessment, which defeats predominance.  *Id.* at 9–10.

As Defendants acknowledge, *see id.* at 7 ("the R&R assigned insufficient weight to the Defendants' defense"), Defendants already presented these arguments to Judge Scanlon, and

8

thus, they are improper objections that are insufficient to trigger de novo review.  *See Owusu*, 655 F. Supp. 2d at 313; ECF No. 197 at 25–26 (Defendants' Opposition) (advancing identical arguments).  The Court therefore reviews this portion of the R&R for clear error and finds none. Accordingly, the Court ADOPTS Judge Scanlon's recommendation regarding the Pay-frequency Class over Defendants' objections.

### II.    NYLL Overtime Claim

Next, Defendants similarly object to the R&R's determination that the Overtime Subclass satisfies Rule 23(b)(3)'s predominance requirement.  *See* ECF No. 202 at 11–13.  Defendants specifically assert that "certifying the Overtime Subclass would effectively bar Defendants from presenting critical evidence as to their affirmative defense" that the Motor Carrier Exemption ("MCE"), *see* 29 U.S.C. § 213(b)(1), limits Plaintiffs' overtime claims under the NYLL, *id.* at 11–12.  Defendants acknowledge that "there are multiple methods pursuant to which the [MCE] may be held to be applicable to the proposed Overtime Subclass on a class-wide basis," but they apparently prefer "proving the applicability of the affirmative defense . . . on an individual basis."  *Id.* at 12.

Because Defendants raised these exact arguments in their opposition, they are again improper objections, and the Court conducts a clear-error review.  *See* ECF No. 197 at 15–18; *see Owusu*, 655 F. Supp. 2d at 313.  The Court discerns no clear error in this portion of the R&R and therefore ADOPTS Judge Scanlon's recommendation with respect to the Overtime Subclass over Defendants' objections.

### III.    Remaining Recommendations and Defendants' Discovery Request

As the parties do not object to any of Judge Scanlon's remaining recommendations, the Court "need only satisfy itself that there is no clear error on the face of the record in order to

accept" those recommendations.  *Logan v. World Luxury Cars, Inc.*, No. 15-cv-00248, 2023 WL 156878, at *1 (E.D.N.Y. Jan. 11, 2023).  Finding no such error, the Court ADOPTS Judge Scanlon's remaining recommendations.

Finally, the Court declines to consider Defendants' request to re-open discovery at this time, *see* ECF No. 202 at 13–14, as that request "could have been, but [was] not, presented to the magistrate judge in the first instance."  *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 353 (E.D.N.Y. 2009).

## CONCLUSION

For the reasons set forth herein, the Court OVERRULES Defendants' objections and ADOPTS Judge Scanlon's R&R in full.  *See* ECF No. 200.  The Court therefore GRANTS IN PART and DENIES IN PART Plaintiffs' motion for class certification.  *See* ECF No. 195.  The parties and class counsel shall comply with the instructions and deadlines set out in the R&R, *see* ECF No. 200 at 2–5, and on pages 3–6 *supra*, as follows:

On or before **April 6, 2026**, Plaintiffs are ORDERED TO SHOW CAUSE why their wage-notice and wage-statement claims should not be dismissed for lack of standing, *see* ECF No. 200 at 2 ¶ 1.

On or before **March 20, 2026**, Defendants shall provide to Plaintiffs' counsel a Microsoft Excel spreadsheet in a Microsoft Excel electronic file containing the information described in paragraph 6 on page 3 of ECF No. 200, as to each class member in the Pay-frequency Class and the Overtime Subclass, along with an affidavit from Defendants that the responsive information provided is the complete reflection of the employment records and knowledge possessed by Defendants as to those items.

10

On or before **April 3, 2026**, Plaintiffs shall file an updated version of the approved class notice and opt-out form, *see* ECF Nos. 200-1, 200-2, along with certified Chinese and Spanish translations of the approved class notice, with the revisions listed in paragraph 7 on pages 4–5 of ECF No. 200.

On or before **April 13, 2026**, class counsel shall disseminate the English, Chinese and Spanish versions of these documents to all potential Pay-frequency Class and Overtime Subclass Members, through the contact information that Defendants provided, using each means of written communication available for each class member, *see id.* at 5 ¶ 8.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 6, 2026